IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN

| | |
|---|---|
| JESSE RUSSELL SIMPSON,<br><br>     Plaintiff,<br><br>   v.<br><br>JOHN KENNETH DAVENPORT, et al.,<br><br>     Defendants. | Civil Action No. 3: 20-cv-0024<br><br>Chief United States Magistrate Judge<br>Cynthia Reed Eddy |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 64), to which Plaintiff has responded in opposition (ECF No. 69). For the reasons that follow, the motion will be denied.

**I. Background**

On November 17, 2021, the Court denied Defendants' motion for summary judgment finding that the PLRA exhaustion requirements did not apply to the claims raised in the Amended Complaint, granted Defendants' motion to dismiss on Claims 4 and 5 of the Amended Complaint, and denied Defendants' motion to dismiss on Plaintiff's RFRA claim. (ECF Nos. 59 and 60). Defendants had argued that Plaintiff had failed to exhaust seventeen of the nineteen claims brought in the Amended Complaint and thus, under the Prison Litigation Reform Act (PLRA), they were entitled to summary judgment on those claims. The Court concluded that at the time Simpson filed his Amended Complaint on July 29, 2020, he did not meet the statutory definition of a "prisoner" under the PLRA, and thus denied the motion for summary judgment on that basis.

Defendants now ask the Court to reconsider its prior decision and grant summary judgment on these seventeen claims. Defendants argue that it was error for the Court to conclude that Simpson was not a "prisoner" because "he was a prisoner on home confinement serving the remainder of his sentence supervised by the local Residential Reentry Center," Br. at 2 (ECF No. 65), and while on home confinement "was still subject to the authority and jurisdiction of the BOP." *Id.* (citing 18 U.S.C. § 3624(g)(2)(A)(i)).

Plaintiff responds that at the time he filed the Amended Complaint, "he was under supervision by a Residential Reentry Center . . . he was not incarcerated or detained in any facility," and that he was "living and sleeping in his home." Resp. at 2.

## II.  Standard of Review

Rule 59(e) is "a device to relitigate the original issue . . . and used to allege legal error." *United States v. Fiorelli,* 337 F.3d 282, 288 (3d Cir. 2003). A court may grant a motion for reconsideration under Rule 59(e) only if (1) there has been an intervening change in controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Here, Defendants' motion implicates only the third basis for an appropriate motion to reconsider—i.e., the asserted need to correct a clear error of law.

## III.  Discussion

As discussed in the Court's prior opinion, Defendants sought summary judgment on seventeen claims on the ground that Plaintiff had failed to exhaust his administration remedies.[1]

---

[1] Notably, Defendants acknowledged that Claims 4 and 5 had been exhausted and, as a result, challenged Claims 4 and 5, on their merits arguing that extending *Bivens* to these claims would be contrary to law. The Court agreed and dismissed Claims 4 and 5 finding that the allegations in

Defendants argued, relying on the PLRA, that because such claims had not been fully exhausted, they were entitled to summary judgment. The pivotal issue, therefore, depended on whether Plaintiff was subject to the PLRA at the time he filed his Amended Complaint. Because the issue was one of statutory construction, the Court began its analysis with the language of the PLRA: "No action shall be brought with respect to prison conditions . . . <u>by a prisoner confined in any jail, prison, or other correctional facility</u> until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). And the PLRA defines "prisoner" as "any person <u>incarcerated or detained in any facility</u> who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ." *Id*. at § 1997e(h) (emphasis added).

When Simpson filed the original complaint, the PLRA's exhaustion requirement applied to him as he was a "person incarcerated" in a "correctional facility," i.e., FCI Loretto. But as the Declaration of Sam Scales and the attachments thereto reflect, on April 23, 2020, Simpson (1) executed a Community Based Program Agreement, (2) "FURL W UNESCORTED TRF TO A CCC," (3) he was "ADMITTED TO AN IN-TRANSIT FACL," (4) was "RELEASED FROM IN-TRANSIT FACL" and (5) HOME CONFINEMENT-SENTENCED." ECF No. 65-1, Attachment B, Inmate History, ADM-REL. On May 6, 2020, Simpson filed a Notice of Change of Address indicating he was residing at "13679 Highland Road, Clarksville, MD 21029." (ECF No. 14).

Simpson filed the Amended Complaint on July 29, 2020, while he remained on home confinement. Approximately three months after the Amended Complaint was filed, Simpson notified the Court on October 14, 2020, that he was no longer residing at "13679 Highland Road," and was "currently being held at the DC Jail, 1901 D Street, Washington, DC 20003." On

---

Claims 4 and 5 presented a new *Bivens* context and that special factors counseled against such expansion.

December 12, 2020, Simpson filed a Notice of Change of Address indicating that he had been released from the DC Jail and had returned to his residential address in Clarksville, Maryland. (ECF No. 38).  According to the Declaration of Sam Scales, on December 11, 2020, Simpson was again placed on home confinement and continued to be supervised by the local Residential Reentry Office until he was released from BOP custody on March 26, 2021.  (ECF No. 65-1).

Defendants argue that Simpson was "confined" on home confinement and contend that a "Residential Reentry Center"  is "a facility distinctly created to provide 'correction' and guidance to aid pre-released prisoner's transition back to non-prisoner status."  While this may be accurate, the record before the Court does not reflect that Simpson was confined in a Residential Reentry Center or in any other "correctional facility" at the time he filed his Amended Complaint. While there may have been certain conditions imposed upon Simpson as a result of being transferred to home confinement, there can be no doubt that he was not "confined," "incarcerated," or "detained" in any jail, prison or other correctional facility.  *See Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999) (determining PLRA not applicable to suit filed by individual who was a parolee at the time he filed complaint); *Bisgeir v. Michigan DOC,* 2008 WL 227858 (E.D. Mich. 2008) (same).  *See also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir.) (en banc), *cert. denied*, 533 U.S. 953 (2001) (suggesting that the PLRA exhaustion requirement applies "only if the plaintiff is a prisoner at the time of filing") (citing *Greig*, 169 F.3d at 167).

Thus, it was not error for the Court to conclude that the PLRA's exhaustion requirements do not apply to the claims raised in the Amended Complaint.

4

**IV.     Conclusion**

For all these reasons, Defendants' Motion for Reconsideration is **DENIED.**

So **ORDERED** this 13th day of January, 2022.

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
Chief United States Magistrate Judge

cc:     Jesse Russell Simpson
(via ECF electronic notification)

Kezia Taylor
U.S. Attorney's Office
(via ECF electronic notification)